MEMORANDUM *
Judges PREGERSION and D.W. NELSON
writing:
The Cochran Firm, P.C. (Firm) and counter-defendants Samuel A. Cherry, J, Keith Givens, and Barvie Koplaw appeal the district court’s order dissolving the preliminary injunction obtained against Randy H. McMurray, P.C. and Randy H. McMurray (McMurray). We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.
1. The district court did not err in dissolving the preliminary injunction based on the Firm’s unclean hands. Though the district court’s order never explicitly states a specific finding on bad intent, the court did not ignore this element. Before launching into its analysis of the unclean hands defense, the district court acknowledged that part of its burden as the trier of fact was to assess whether the Firm had acted in bad faith. It quoted Japan Telecom. Inc. v. Japan Telecom Am. Inc., 287 F.3d 866, 870 (9th Cir.2002), writing that “[t]o succeed on an unclean hands defense, a trademark defendant ‘must show that [the] plaintiff used the trademark to deceive customers’ and did so with bad intent,” and “ ‘[b]ad intent is the essence of the defense of unclean hands.’ ” The court later wrote that McMurray had satisfied its burden, thus clearly implying that McMurray had indeed demonstrated that the Firm acted with bad intent. The district court also considered evidence of actual deception of consumers, such as when a former client attempted to obtain a judgment against the Firm. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 834 (9th Cir.2011).
Nor did the district court ignore the assessment of whether the Firm’s misconduct had an “immediate and necessary relation to the equity [it] seeks.” See S. Cal. Darts Ass’n v. Zaffina, 762 F.3d 921, 932 (9th Cir.2014) (quoting Keystone Driller Co. v. Gen. Excavator Co., 290 U.S. 240, 245, 54 S.Ct. 146, 78 L.Ed. 293 (1933)). Previously, this Court remanded this case to the district court with instructions stating:
The structure of [the Firm’s] business is important in assessing whether [the Firm] has unclean hands. Specifically, [the Firm] may be misusing the trademark to deceive the public into believing it is a single, national firm, when in fact it is a network of separate partnerships. Because the record before us does not provide sufficient information about the relationships both between [the Firm] and the local offices, or between [the Firm] and the public, we remand to the district court to determine whether [the Firm] has unclean hands in its use of the Cochran Firm trademark.
Read as a whole, this instruction implies that the issue of unclean hands is immediately and necessarily related to the equity the Firm seeks. It was not unreasonable *751 for the district court to rely on this Court’s instruction as reflecting that the “immediate and necessary relation” element as having already been satisfied, and this reliance was not reversible error.
Finally, the district court did not abuse its discretion in using as an informative guide California’s Rules of Professional Conduct’s definition of a law firm, or finding expert testimony regarding the definition to be relevant. This definition was merely helpful to the district court and use of it as a guide was not reversible error.
2. Appellants argue that McMurray’s own unclean hands bar McMurray from raising an unclean hands defense. The district court, however, did not err in finding otherwise. The court did not abuse its discretion in finding that there was insufficient evidence to support Appellants’ argument, and even if there were sufficient evidence, that the Firm has been more culpable than McMurray.
3. Finally, during this appeal, McMur-ray filed a motion for sanctions against the Firm. The motion for sanctions is denied.
AFFIRMED. MOTION FOR SANCTIONS DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.